UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

| | |
|---|---|
| LOUIS PETERS, Derivatively on Behalf of Nominal Defendant EASTMAN KODAK COMPANY, | **DECISION AND ORDER** |
| Plaintiff, | 6:21-CV-06621-EAW |
| v. | |
| JAMES V. CONTINENZA, DAVID E. BULLWINKLE, ROGER W. BYRD, RICHARD TODD BRADLEY, GEORGE KARFUNKEL, PHILLIPE D. KATZ, JASON NEW, and RANDY VANDAGRIFF, | |
| Defendants, and | |
| EASTMAN KODAK COMPANY, | |
| Nominal Defendant. | |

_____

| | |
|---|---|
| HERBERT SILVERBERG, Derivatively on Behalf of Nominal Defendant EASTMAN KODAK COMPANY, | |
| Plaintiff, | 6:21-CV-06567-EAW |
| v. | |
| JAMES V. CONTINENZA and GEORGE KARFUNKEL, | |
| Defendants, and | |
| EASTMAN KODAK COMPANY, | |
| Nominal Defendant. | |

_____

**INTRODUCTION AND BACKGROUND**

The above-captioned lawsuits represent two shareholder derivative actions related, in part, to an announcement in July 2020 that Eastman Kodak Company ("Kodak") was to receive a $765 million federal loan from the United States International Development Finance Corporation ("DFC") in order to manufacture pharmaceutical products and the allegedly contemporaneous approval of stock options to certain Kodak insiders, including its Executive Chairman and Chief Financial Officer defendant James V. Continenza ("Continenza"). The action commenced by plaintiff Herbert Silverberg ("Silverberg"), a Kodak shareholder, was filed on September 2, 2021; names Continenza and Kodak Board of Directors member George Karfunkel ("Karfunkel") as defendants in addition to nominal defendant Kodak; and asserts breach of fiduciary duty causes of action and a claim for violation of section 14 of the Securities Exchange Act of 1934 ("Exchange Act"). (*See Silverberg v. Continenza et al.*, Case No. 6:21-cv-06567 (the "*Silverberg Action*"), Dkt. 1). The action commenced by plaintiff Louis Peters ("Peters"), a Kodak shareholder, was filed on October 4, 2021; names eight defendants in addition to nominal defendant Kodak—Continenza, Karfunkel, Kodak's Chief Financial Officer David E. Bullwinkle, Kodak's General Counsel Roger W. Byrd, Kodak Board of Directors members Richard Todd Bradley, Phillipe D. Katz, and Jason New, and Kodak's Senior Vice President Randy Vandagriff; and asserts claims for breach of fiduciary duty, unjust enrichment, and violations of section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder. (*See Peters v. Continenza et al.*, Case No. 6:21-cv-06621 (the "*Peters Action*"), Dkt. 1).

Pending before the Court are competing motions to consolidate and to appoint lead counsel. (*See Peters Action*, Dkt. 2 (Peters' motion); Dkt. 3 (Silverberg's motion); *Silverberg Action*, Dkt. 17 (Peters' motion); Dkt. 18 (Silverberg's motion)).[1] Specifically, Peters seeks to consolidate the Peters Action and the Silverberg Action, and appoint his counsel Kessler Topaz Meltzer & Check, LLP ("KTMC") and Faraci Lange LLP ("Faraci Lange") as Lead and Liaison counsel, respectively. (Dkt. 2).[2] On the other hand, Silverberg seeks to create "a co-leadership structure based upon responsibility for different legal claims raised" or alternatively seeks to have his counsel, Abraham, Fruchter & Twersky, LLP ("AF&T"), serve as Lead Counsel. (Dkt. 3-10 at 7). Silverberg describes the structure he seeks as involving co-lead counsel "centered around the different claims, with any overlapping claims being litigated on a co-leadership basis. . . ." (Dkt. 3-10 at 8).

## MOTIONS TO CONSOLIDATE

Both Peters and Silverberg (hereinafter collectively "Plaintiffs") agree that the cases should be consolidated. (*See* Dkt. 2-5 at 11 (Peters arguing that the "[i]nsignificant

---

[1] Because the motion papers and responses filed in the Peters Action and the Silverberg Action are identical, the Court will hereinafter reference only the docket entries in the Peters Action, unless otherwise specified. The Court notes that, while afforded the opportunity (*see* Dkt. 8), no defendant has submitted papers in connection with the pending motions.

[2] Peters also initially sought appointment as lead plaintiff (Dkt. 2-5 at 12), but withdrew that request (Dkt. 49 at 7 n.1; 8-9). "In a shareholder derivative action, unlike a private securities litigation action, the Court is not required to appoint a lead plaintiff." *In re Frontier Commc'ns Corp. Derivative Litig.*, No. 3:17-CV-1792 (VAB), 2018 WL 3553332, at *4 (D. Conn. July 23, 2018). Here, the Court declines to appoint either Peters or Silverberg as lead plaintiff—a request that is no longer being pursued in any event.

differences" between the Peters Action and Silverberg Action "'do not defeat the value in consolidating these actions so that one shareholder lawsuit' may proceed"); Dkt. 3-10 at 7 (Silverberg stating: "Notwithstanding these differences in theory and emphasis, Silverberg agrees that the two shareholder derivative actions share common questions of law and fact and, therefore, should be consolidated pursuant to Fed. R. Civ. P. 42(a).")).  The Court agrees.

"Consolidation is appropriate where there are actions involving 'common question[s] of law or fact' pending before the Court." *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 267 (S.D.N.Y. 2009) (quoting Fed. R. Civ. P. 42(a)) (alteration in original). The claims and defendants need not be identical in order for two actions to be consolidated, so long as "the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation." *Id*. at 268 (citation and quotation omitted). *See also In re Frontier Commc'ns Corp. Derivative Litig.*, 2018 WL 3553332, at *3 ("Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation." (citations omitted)).

Here, while the claims and defendants are not identical, there is sufficient overlap—most notably with respect to the underlying premise of the lawsuits based, in part, on the allegedly contemporaneous grant of stock options to Continenza with the announcement of the DFC loan and the Kodak Board's rejection of Plaintiffs' requests to litigate those

claims. *See id*. at *4 ("The Court finds that sufficient common questions of fact and law exist between and among these four Complaints to consolidate the actions, most importantly that each asserts that the Individual Defendants breached their fiduciary duties to Frontier, and that a stockholder demand for the company to bring the asserted claims against the Individual Defendants would be futile."). The two actions involve common questions of law and fact, judicial economy and convenience will be promoted by consolidation, and it will avoid unnecessary costs to the parties. Accordingly, the Court grants the motion to consolidate.

## **MOTIONS FOR APPOINTMENT OF LEAD COUNSEL**

Having decided that consolidation is appropriate, the Court must now resolve the remaining issue of whether it should appoint lead counsel, and if so, which attorney(s) should be appointed, or alternatively whether the Court should endorse the "co-leadership" structure advanced by Silverberg.

The Court agrees with Peters that the proposal advanced by Silverberg would undermine the goals of consolidation, and in reality, reflects no effort to promote judicial economy and efficiency. Given the complexity of the litigation, this Court is well within its discretion to proactively manage the litigation and regulate the conduct of the proceedings. *See Farber v. Riker-Maxson Corp.*, 442 F.2d 457, 459 (2d Cir. 1971) (a district court is not required to allow each individual plaintiff and his lawyer "to do what he pleases in litigation as complex as this" nor should they be allowed to "behave in total

disregard of the interest of other litigants. . . ."). In that regard, the Court agrees with Peters that appointment of lead counsel in this case will promote those goals.³

The decision concerning appointment of lead counsel is a matter within the Court's discretion. *See In re Frontier Commc'ns Corp. Derivative Litig.*, 2018 WL 3553332, at *3 ("The appointment of lead plaintiff and lead counsel in a consolidated shareholder derivative litigation is a matter of discretion." (citations omitted)). Moreover, there is no statutory or controlling case law setting forth the criteria that a court must apply in appointing lead counsel in a consolidated shareholder derivative action. *See In re Comverse Tech., Inc. Derivative Litig.*, No. 06-CV-1849 (NGG) (RER), 2006 WL 3761986, at *2-3 & n.3 (E.D.N.Y. Sept. 22, 2006) (discussing the lack of any controlling statute or case law but outlining the factors courts consider), *objections overruled*, No. 06-CV-1849 NGG RER, 2006 WL 3511375 (E.D.N.Y. Dec. 5, 2006).

Both Peters and Silverberg cite to the alleged superiority of his respective complaint in an effort to persuade the Court that his counsel should be appointed lead. The Court's best assessment at this stage of the proceedings is that Plaintiffs each may have some

---

³ Silverberg argues that KTMC cannot become his counsel in a consolidated action "unless Silverberg's choice of AF&T 'was an unreasonable choice.'" (Dkt. 62 at 5-6). This is an incorrect statement of the law. Silverberg cites to *Cohen v. U.S. Dist. Ct. for N. Dist. of California*, 586 F.3d 703 (9th Cir. 2009), but that decision is not on point. *Cohen* dealt with the appointment of lead counsel that was not the lead plaintiff's choosing under the Private Securities Litigation Reform Act. The Ninth Circuit remanded the case to the district court to better explain its rationale for not selecting counsel chosen by the lead plaintiff. *Id.* at 711-12. Silverberg also cites generally to *MacAlister v. Guterma*, 263 F.2d 65 (2d Cir. 1958), but the Second Circuit clarified in *Farber*, 442 F.2d at 459, that a district court does have discretion to appoint lead counsel in a consolidated shareholder derivative action and to regulate the conduct of non-lead counsel.

legitimate criticism of the other's pleading. However, as noted by then-District Judge Chin in *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. at 273: "I need not determine which complaints are superior to the others. Many, if not all, deficiencies in the different complaints may be cured when . . . a consolidated derivative complaint [is filed], and differences among the complaints can also be addressed at that time."

In assessing the more appropriate counsel to be appointed lead, the Court is partly influenced by the pending state court litigation, already being pursued by Peters.[4] Appointing the same counsel here that is already litigating the state court matter (commenced several months before either federal court lawsuit) will promote judicial economy, assist in coordination between the two actions, and promote the avoidance of duplication, inefficiency, and inconsistent rulings. *See, e.g.*, *Sparano v. Lief*, No. 10CV2079 BTM (BLM), 2011 WL 830109, at *2 (S.D. Cal. Mar. 3, 2011) (appointing law firm that was already pursuing related state court derivative action for purposes of efficiency as it would prevent needless duplication of efforts and waste of resources and will "ensure that counsel can speak with one voice on behalf of [the Company], avoid unseemly conflicts, and ensure consistency in the prosecution of the derivative claims brought on the Company's behalf." (quotation omitted)).

Relatedly, the Court believes that the commencement of the state court litigation by Peters reflects his diligent pursuit of the claims as opposed to Silverberg's tactics, which

---

[4]   KTMC and Faraci Lange represent Peters in a shareholder derivative action commenced in New York State Supreme Court, Monroe County, on May 19, 2021. (Dkt. 2-1 at ¶ 3; Dkt. 2-2 at 2-4).

involved some delay. (*See Silverberg Action*, Dkt. 1-5 (reflecting eight-month gap in communication concerning status of litigation demand)). Silverberg cites to his filing of a motion for partial summary judgment in the federal court action as evidence that he is pursuing his claims more vigorously (Dkt. 62 at 11-12), but the Court disagrees. Taking the atypical step of filing a pre-answer motion for summary judgment in a complex case like this one, while outstanding motions to consolidate and appoint lead counsel are pending, suggests to the Court that Silverberg is pursuing a course of action that may result in inefficiencies and a waste of judicial resources.[5]

Moreover, while each party has launched criticisms of the other and their counsel based on conduct in other litigation, the Court is influenced by the argument advanced by Peters that "Silverberg has filed ten representative actions in the last two years, all with his current counsel" and of those, six were abandoned within three months of filing. (Dkt. 2-5 at 17). Silverberg responds by claiming that his objectives were achieved in those lawsuits and that he is not a professional plaintiff acquiring stock simply for the sake of commencing litigation (*see* Dkt. 3-5), but he does not dispute the underlying factual premise of Peters' argument that he and his counsel are prolific filers of lawsuits, many of which were ultimately discontinued shortly after their commencement. Considered with

---

[5]   Through a Stipulated Order, it was agreed that the parties would meet and confer about a schedule for responding to the complaints within 14 days of the Court issuing a decision on the pending motions to consolidate and appoint lead counsel, with the expectation that the defendants would have no less than 60 days to answer, move or otherwise respond to the complaints. (Dkt. 7). Thus, no answer or dispositive motion has been filed by the defendants in either the Peters or Silverberg Actions. Nonetheless, on November 10, 2021, Silverberg filed a motion for partial summary judgment. (*Silverberg Action*, Dkt. 39).

the unusual pre-answer motion for partial summary judgment that Silverberg filed, the Court has concerns that appointing Silverberg's counsel as lead will not promote the goals of more effective case management, judicial efficiency, and reducing costs to the parties.

Finally, the Court has carefully reviewed the qualifications and background of the competing law firms seeking appointment in this case, and concludes that Peters' counsel has the greater experience and background to warrant appointment as Lead and Liaison counsel in this case.

All that being said, both parties appear to misapprehend the impact of consolidation. Consolidation pursuant to Federal Rule of Civil Procedure 42(a) "means the joining together—but not the complete merger—of constituent cases." *Hall v. Hall*, ___ U.S. ___, 138 S. Ct. 1118, 1125 (2018). In other words, the Silverberg and Peters Actions will not be completely merged into one, but instead they will be consolidated to enable "more efficient case management while preserving the distinct identities of the cases and the rights of the separate parties in them." *Id*. No question, this Court "enjoy[s] substantial discretion in deciding whether and to what extent to consolidate cases," *id*. at 1131, but it does not view that discretion as permitting consolidation to result in the foreclosure of meritorious claims that one party may seek to pursue, *see Schnall v. Proshares Tr.*, No. 09 CIV. 6935 (JGK), 2010 WL 1962940, at *2 (S.D.N.Y. May 17, 2010) ("Consolidation means that the litigation will be consolidated, not that [a plaintiff] . . . will lose their individual claims. . . . [T]he Court will have to adopt flexible procedures to deal with any individual claims."). Therefore, consistent with the directions set forth below, the Court is requiring the filing of a consolidated complaint, and KTMC and Faraci Lange shall consult with counsel for

Silverberg in drafting that consolidated complaint, but in the event that certain claims are not pursued in that consolidated complaint that Silverberg believes should be pursued, he may apply to the Court for leave to independently continue to pursue those claims as part of the consolidated action.

## CONCLUSION AND ORDER

For the foregoing reasons, the motion by Peters for consolidation and appointment as lead counsel (*Peters Action*, Dkt. 2; *Silverberg Action*, Dkt. 17) is granted and the motion by Silverberg for consolidation is granted but the motion is otherwise denied (*Peters Action*, Dkt. 3; *Silverberg Action*, Dkt. 18). The Court hereby orders as follows:

1. Pursuant to Federal Rule of Civil Procedure 42(a), the Peters Action and the Silverberg Action are hereby consolidated and shall hereinafter be referred to as "*In re Eastman Kodak Company Derivative Litigation*" and assigned the case number of the Peters Action (case no. 6:21-cv-06621) (hereinafter "the Consolidated Action"). All filings need only be made in the Consolidated Action. After consolidation, and for purposes of judicial efficiency, the Clerk of Court is directed to administratively terminate the Silverberg Action (case no. 6:21-cv-06567)[6];

---

[6] As a result, the Court directs the Clerk of Court to also terminate the pending motion for partial summary judgment filed in the Silverberg Action (*Silverberg Action*, Dkt. 39), meaning that it is terminated without prejudice subject to renewal consistent with the terms of this Decision and Order (*i.e.*, Lead Counsel may elect to renew the motion, or alternatively if any request to renew is rejected by Lead Counsel, Silverberg may seek leave of Court to ultimately pursue it and/or any additional claims that are not included in a consolidated complaint).

2. Kessler Topaz Meltzer & Check, LLP is hereby appointed as Lead Counsel and Faraci Lange LLP is hereby appointed as Liaison Counsel to act on behalf of all plaintiffs in the Consolidated Action. Lead Counsel with Liaison Counsel shall assume and exercise the full authority to litigate this action on behalf of all plaintiffs, and no pleadings or other papers shall be filed, or discovery conducted by any plaintiff except as directed or undertaken by Lead Counsel and Liaison Counsel, without leave of Court. In the event leave of Court is sought in this regard, the party seeking such relief must file a motion that sets forth in detail the good faith efforts to have Lead Counsel and Liaison Counsel pursue certain actions and the results of those efforts.

3. Each newly filed or transferred shareholder derivative action that arises out of the subject matter of the Consolidated Action shall be consolidated with the Consolidated Action, and this Decision and Order shall apply to each such newly filed or transferred case. Upon such filing or transfer of a related case, the Clerk of Court shall: (a) file a copy of this Decision and Order on the docket in the newly filed or transferred action; (b) mail a copy of this Decision and Order to the attorneys for the plaintiff(s) in the newly filed or transferred case and to any new defendant(s) in the newly filed or transferred case; and (c) make the appropriate entry in the docket for this Consolidated Action. A new party to any related case filed in the future may object to said consolidation by filing a motion for relief from the Court's Decision and Order within twenty (20) days after the date of receipt of the Court's Decision and Order.

4. The parties shall meet and confer within 20 days hereof to agree upon an initial case management order for submission to the Court for its approval, including a deadline for the filing of a consolidated complaint.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: January 18, 2022
       Rochester, New York